UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTHONY M GRIFFIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00435-GZS |
| | ) | |
| JEREMY WINTLE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiff Anthony Griffin, currently an inmate at the Maine State Prison, alleges that Defendant Jeremy Wintle, a corrections officer at the Penobscot County Jail, assaulted Plaintiff after Plaintiff did not comply with an order to lock down in his cell.  (Complaint, ¶ IV.) The matter is before the Court on Plaintiff's Motion for Discovery (ECF No. 21), and Plaintiff's Motion for Default Judgment (ECF No. 22).

After review of Plaintiff's motions and the record, I recommend the Court deny the Motion for Default Judgment.  In addition, Plaintiff's Motion for Discovery is denied without prejudice.

**A.     Motion for Default Judgment**

On December 10, 2015, the U.S. Marshal filed a return of service which reflected that after an unsuccessful attempt to serve Defendant by certified mail, the U.S. Marshal served the complaint and summons on Sergeant Basso of the Penobscot County Jail, when Defendant was "not at work."  (Process Receipt and Return, ECF No. 10.)

On January 13, 2016, when Defendant did not file a response to Plaintiff's complaint, Plaintiff requested the entry of a default.  (ECF No. 18.)  The Clerk entered Defendant's default on the docket on January 16, 2016.  (ECF No. 19.)  On February 25, 2016, presumably in response

to the Court's Order to Show Cause (ECF No. 20), Plaintiff filed the pending Motion for Default Judgment (ECF No. 22). [1]

Before entering a default judgment, a court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties. [2] *Daynard v. Ness, Motley, Loadholt, Richardson & Poole*, *P.A.*, 290 F.3d 42, 50 (1st Cir. 2002) ("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" (quoting *United States v. Swiss Am. Bank*, *Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999))). "It is common ground that a judgment rendered in the absence of personal jurisdiction is a nullity." *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014). Ordinarily, in a civil action, effective service of process is necessary for a court to obtain jurisdiction over the person of a defendant. *Id.* Indeed, when the service requirements set forth in Federal Rule of Civil Procedure 4 are not satisfied, a default judgment is void. *Perez Lopez v. Mangome*, 117 F.R.D. 327, 328 (D.P.R. 1987). A court, therefore, may raise and act upon defects in service sua sponte when asked to enter a default judgment. *Shaw v. 500516 N.B. Ltd.*, No. 1:09-cv-00264, 2009 WL 2184953, at *1 (D. Me. July 21, 2009) (ordering "Plaintiff's counsel within ten days of the date of this Order to file additional documentation to establish the bases for his statements that Attorney Lawrence Lunn is the authorized and designated agent for 500516 N.B. LTD"); *see also Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1249 (W.D. Okla. 2011) ("Once the plaintiffs obtained the Clerk's Entry of Default and moved for default judgment, there arose an affirmative duty on the part of the Court, to investigate its jurisdiction over both the parties and the subject matter."); *D'Onofrio v. Il*

---

[1] The Order to Show Cause was terminated as the result of the filing of the Motion for Default Judgment.

[2] Although Plaintiff asserts a claim of "assault" in his complaint, he also alleges a violation of his constitutional rights. At this stage of the proceedings, Plaintiff's allegations are sufficient to invoke the Court's subject matter jurisdiction over federal claims arising under 42 U.S.C. § 1983.

*Mattino*, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006) ("[A]s part of determining whether it has personal jurisdiction over a defaulting defendant, the court must inquire as to whether there was sufficient service of process.").

Federal Rule of Civil Procedure 4, which sets forth the service of process requirements, provides that a defendant in a civil action in federal court such as Defendant Wintle may be served by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Maine Rule of Civil Procedure 4, which governs the service of process in Maine state court proceedings, provides in relevant part that personal service may be accomplished by:

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given.

Me. R. Civ. P. 4(d)(1).

The U.S. Marshal's process receipt and return reflects that process was left with a sergeant at the Penobscot County Jail. Preliminarily, although Plaintiff alleges that Defendant works at the Penobscot County Jail, the record lacks any evidence that Defendant Wintle worked at the

Penobscot County Jail in December 2015.  More importantly, even if Defendant Wintle was employed at the Penobscot County Jail at the time, Defendant's place of employment does not constitute his "dwelling or usual place of abode" as contemplated by Rule 4.  *Camden Auto Co. v. Mansfield*, 120 Me. 187, 113 A. 175, 176 (1921) ("[T]he office or place of business of a defendant is not equivalent to his 'last and usual place of abode.'"); *Richards v. New York State Dep't of Corr. Servs.*, 572 F. Supp. 1168, 1173 (S.D.N.Y. 1983) ("[P]ersonal service of a summons to a party through a co-employee does not constitute sufficient service unless the co-employee is the agent of the party to be served."); 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1096 (4th ed.) ("The majority of cases interpreting the words [dwelling and abode] in the context of determining the validity of service of process appear to have focused on their literal meaning. As a result, service of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)(B).").  Additionally, the record contains no evidence to suggest that Sergeant Basso, upon whom service was made, is Defendant Wintle's agent.  *Richards*, 572 F. Supp. at 1173 ("To demonstrate an agency relationship, something more than mere acceptance of service by a purported agent must be shown.").

Because the docket does not reflect proper service on Defendant, the Court lacks personal jurisdiction over Defendant Wintle.  Accordingly, Plaintiff is not entitled to a default judgment.

**B.    Plaintiff's Motion for Discovery**

On February 22, 2016, Plaintiff filed a motion for discovery, requesting a "summons" for "pictures of injuries taken at Maine State Prison three days after Defendant … assaulted [Plaintiff]" and for Plaintiff's "medical records at Eastern Maine Medical Center."  (Motion for Discovery, ECF No. 21.)  Given that Defendant has not been served with the complaint, Plaintiff's request for

discovery is premature.  Following proper service, the Court will issue a scheduling order that will govern discovery.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for Default Judgment (ECF No. 22), and direct the U.S. Marshal to serve Defendant Wintle personally in accordance with Federal Rule of Civil Procedure 4.  Plaintiff's Motion for Discovery (ECF No. 21) is denied without prejudice.

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.   With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of March, 2016.