DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY M. GRIFFIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:15-cv-00435-GZS |
| | ) |
| JEREMY WINTLE, | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND**

In this action, Plaintiff Anthony Griffin, currently an inmate at the Maine State Prison, alleges that Defendant Jeremy Wintle, a corrections officer at the Penobscot County Jail, assaulted Plaintiff after Plaintiff did not comply with an order to lock down in his cell. (Complaint, ¶ IV.)

The matter is before the Court on Plaintiff's second motion to amend his complaint. (ECF No. 49.) Through the motion, Plaintiff seeks leave to assert an additional federal claim of cruel and unusual punishment and a state law claim of assault against Defendant. Defendant objects to Plaintiff's request. (Opposition, ECF No. 50.)

After consideration of Plaintiff's motion and Defendant's response, the Court grants Plaintiff's motion to amend.

### BACKGROUND

On May 11, 2016, the Court issued the Scheduling Order (ECF No. 37) in this matter, which order established July 27, 2016, as the deadline for amendment of the pleadings. Plaintiff filed a prior motion to amend within the deadline, and the Court granted the motion. (ECF Nos. 41, 42.) Plaintiff filed the instant motion to amend on September 16, 2016.

In his original complaint, Plaintiff alleged Defendant used unjustified physical force against him while he was held in the Penobscot County Jail. More specifically, Plaintiff alleged both a "matter of excessive force" and that "Defendant Jeremy Wintle assaulted Plaintiff Anthony Griffin." (Complaint at 2 – 3). In his plea for relief, Plaintiff asked that the Court declare that the conduct violated his constitutional rights, and he requested an award of punitive damages. (*Id.* at 3.) Plaintiff's original complaint and his supplemental pleadings do not clarify whether Plaintiff was a pretrial detainee at the time or whether he was serving a sentence of conviction.

## DISCUSSION

In his motion, Plaintiff requests leave to assert a claim of cruel and unusual punishment, a claim of assault, and that Defendant acted "maliciously and sadistically." (ECF No. 49.) Defendant contends Plaintiff has not and cannot satisfy the standard that governs requests filed after the deadline for amendments to the pleadings. (Opposition, ECF No. 50.)

Preliminarily, through the current pleadings, Plaintiff already asserts both a federal claim under 42 U.S.C. § 1983 and a state law claim of assault. To the extent Plaintiff seeks leave to amend to assert an assault claim, therefore, his request is unnecessary. The issue is whether Plaintiff should be permitted to amend his complaint to include a "cruel and unusual punishment" claim and to assert that Defendant acted "maliciously and sadistically."

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, however, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, the decision is within a court's discretion, which should be exercised based on the particular facts and circumstances of the case. *Id.*

Although Plaintiff attempts to assert an Eighth Amendment cruel and unusual punishment claim, because Plaintiff's alleged federal claim is based on the application of force by a state officer while Plaintiff was incarcerated, Plaintiff's claim is in fact neither an Eighth Amendment cruel and unusual punishment claim nor a Fourth Amendment excessive force claim. His claim is in fact a Fourteenth Amendment due process claim. The governing standard depends on whether

Plaintiff was a pretrial detainee or was serving a sentence when the incident occurred. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Plaintiff's proposed amendment, therefore, would not alter the nature of Plaintiff's claim. Through the amendment, Plaintiff would essentially allege that Defendant's conduct satisfied the subjective standard (malicious and sadistic) applied to a use-of-force claim brought against an officer by a convicted prisoner. *See id.* Given that the amendment would not alter the nature of Plaintiff's claim, the amended pleading would not prejudice Defendant, would not significantly impact discovery, would not require the postponement of the trial, and would not impact trial tactics and strategy. The Court thus will allow the amendment with the understanding that Plaintiff is proceeding on a Fourteenth Amendment due process claim.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion to amend his complaint. (ECF No. 49.) The claim submitted with Plaintiff's motion as attachment 1 is incorporated in the existing complaint. Defendant's previous response to Plaintiff's complaint (ECF No. 36) is deemed an answer to the amended complaint. Defendant is not required to file a specific response to the complaint as amended.

## NOTICE

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of October, 2016.